## ANTELO v. FARMERS' LOAN & TRUST CO.

(Circuit Court, S. D. New York. June 22, 1899.)

RAILROAD MORTGAGE—DUTIES AND LIABILITIES OF TRUSTEE.

In a bill by railroad bondholders against the trustees in the mortgage to recover for negligent management of the trust, an allegation that defendant permitted to go undefended a suit brought against the mortgagor company to forfeit its right in a land grant to which it was entitled on the payment of $600,000, and that the property was thus lost to the bondholders, does not state a cause of action where it is not alleged that defendant was a party to the suit, or that it had any funds with which to make the payment necessary to protect the grant.

On Demurrer to Bill.

Benj. F. Tracy and Wm. Pinkney Whyte, for complainant.
David McClure and John E. Parsons, for defendant.

WALLACE, Circuit Judge. The bill in this action is filed by the owner of mortgage bonds made by the Oregon Pacific Railroad Company against the trustee named in the mortgage, to recover the loss alleged to have been sustained by him because of the breaches of duty of the trustee. The complainant proceeds upon substantially the same averments as those alleged in the bill of complaint in Frishmuth v. Same Defendant, 95 Fed. 5. The defendant has interposed demurrers similar to those interposed in that case. Most of the questions presented by the demurrers have been considered in the Frishmuth Case, and do not require further discussion. In the present bill, however, the complainant, instead of alleging that when the trustee issued the bonds to the Oregon Company that company had lost the right to acquire the 850,000 acres of land originally granted to the Wagon-Road Company, avers, in substance, that the right existed until the fall of 1894, when a suit was instituted for the purpose of forfeiting the right, and was allowed to go undefended by the trustee, wherein a decree was entered "involving a loss to the bondholders aforesaid under the deed of trust of at least $3,000,000." It may be assumed from the averments that the Willamette Company, through its contract with the Wagon-Road Company, and the Oregon Company, through its contract with the Willamette Company, might have successfully defended that suit, and compelled a conveyance of the land to one of these corporations, and thus the mortgage would have attached to the land. It does not appear, however, that the trustee was a party to that suit, or that it had any funds with which to make the payment to the Wagon-Road Company, which was a preliminary to compelling a conveyance of the land. A tender had been made by Mr. Turner, but it appears by the record evidence annexed to the bill that he was acting as attorney for the Willamette Company, and the tender was made for that company. What became of the money tendered does not appear. At the time the suit was brought, the trustee had commenced proceedings to foreclose the mortgage on account of the default of the Oregon Company in not paying the interest upon the bonds, and it appears that in December, 1894, all the mortgaged property was sold under the decree for $100,000. The

bill does not disclose how the trustee, under the circumstances, by defending the action, could have realized anything for the bondholders. It is alleged also that the defendant mismanaged the foreclosure proceedings, but the facts are entirely insufficient to warrant the deduction. Not a single fact is alleged in reference to the conduct of the foreclosure suit which is not consistent with the hypothesis that the trustee did its whole duty, notwithstanding the small amount realized at the sale. The averments about the bid of Zephin Job do not show that he was responsible to the amount of the bid, or that it was not for the interests of the bondholders that the bid be set aside, as was done by the order of the court. The substantial cause of action upon the facts set forth is found in the breach of duty by the trustee in certifying and delivering the bonds to the Oregon Company without proper evidence of the purpose of that company to use the proceeds, as by its promises it was required to do.

The same disposition will be made of the several demurrers as was made in the Frishmuth Case, except as to the second, which alleges a defect of parties complainant. The present bill is brought in behalf of all bondholders who choose to join the complainant, and that demurrer is overruled.

Ordered accordingly.